**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

Plaintiff,

v. 1:25-cv-01745 (AMN/ML)

GREAT DEALS ON WHEELS,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**VALERIE FLORES**
P.O. Box 1110 ACP 5749
Albany, NY 12201
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On December 14, 2025, plaintiff *pro se* Valerie Flores ("Plaintiff") commenced this action against defendant Great Deals on Wheels ("Defendant") alleging certain harms involving a trailer. Dkt. No. 1 ("Complaint"). Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP"), Dkt. No. 2, and a motion to appoint counsel, Dkt. No. 3.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who denied Plaintiff's motion to proceed IFP as incomplete and denied Plaintiff's motion seeking the appointment of counsel as inappropriate. Dkt. No. 7. Magistrate Judge Lovric also struck a letter filed by Plaintiff because the court had not ordered supporting documents and the Plaintiff had not filed motion pursuant to Rule 37 of the Federal Rules of Civil Procedure. *Id.*

On January 27, 2026, Plaintiff filed an amended motion to proceed IFP, Dkt. No. 8, which Magistrate Judge Lovric also denied as incomplete, Dkt. No. 9. On two occasions, Magistrate Judge Lovric warned Plaintiff that failure to comply with the Court's orders or to further pursue this action could result in sanctions pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, including dismissal of the case. Dkt. Nos. 7, 9.

On March 10, 2026, Plaintiff filed a second amended request to proceed IFP. Dkt. No. 10. On July 2, 2026, Magistrate Judge Lovric granted this request and reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 11 ("Report-Recommendation"). Magistrate Judge Lovric recommended that this Court dismiss the Complaint without prejudice and without leave to amend. *Id.* at 8.[1] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Lovric advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* On July 20, 2026, Plaintiff submitted a written objection. Dkt. No. 12.

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge,

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the

court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Read liberally, Plaintiff's objection comprises a single conclusory statement asserting that diversity jurisdiction exists "due to [Plaintiff] being a resident of New York and the defendants being a resident of another state." Dkt. No. 12 at 1. Plaintiff's objection, filed eighteen days after Magistrate Judge Lovric issued the Report-Recommendation, is untimely. See Dkt. Nos. 11-12. Accordingly, because Plaintiff has not raised any properly preserved objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29; *Caldwell*, 2022 WL 16918287, at *1.

Magistrate Judge Lovric recommended that the Court dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Dkt. No. 11 at 5-6. First, as to diversity jurisdiction, Magistrate Judge Lovric found that Plaintiff alleged about $5,540 in damages and concluded that "[a]lthough Plaintiff and Defendant appear to have diverse citizenship, the amount in controversy is less than $75,000." *Id.* at 6; *see* Dkt. No. 1 at 4 ("$5,200 money judgment for trailer[,] $300 for approximately 6 used tires[,] $20 for 2 door locks[,] $20 for trailer lock").[2] Second, as to federal question jurisdiction, Magistrate Lovric noted that Plaintiff does not cite to any federal authority and found that Plaintiff's allegation of "robbery or coercion does not 'draw[] into question the interpretation or application of federal law." *Id.* (quoting *New York v. White*, 528

[2] The Court notes that Plaintiff's objection does not address Magistrate Judge Lovric's conclusion that Plaintiff's alleged damages do not satisfy the amount-in-controversy requirement. *See* Dkt. No. 11 at 6; 28 U.S.C. § 1332.

F.2d 336, 338 (2d Cir. 1975)); *see* Dkt. No. 1 at 3-4 (alleging robbery and coercion by three unidentified individuals because Plaintiff did not want to sell her trailer).

Magistrate Judge Lovric also recommended that the Court not grant a leave to amend. Dkt. No. 11 at 7. Magistrate Judge Lovric explained that although courts generally grant leave to amend at least once when a liberal reading of a *pro se* plaintiff's complaint indicates any possibility of a valid claim, "[a] opportunity to amend is not required . . . where 'the problem with [the plaintiff's] causes of action is substantive' such that 'better pleading will not cure it.'" *Id.* (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Magistrate Lovric found that such is the case here because Plaintiff failed to plead any "plausible basis [on which] to conclude that Plaintiff would be able to establish this Court's jurisdiction through amendment." *Id.* (quoting *Flores v. Carry-On Trailer*, 25-CV-1731, 2026 WL 1174108, at *5 (N.D.N.Y. Apr. 30, 2026), *report and recommendation adopted*, 2026 WL 1453587 (N.D.N.Y. May 22, 2026)).

After review, the Court finds no error in Magistrate Judge Lovric's conclusions as to subject matter jurisdiction or leave to amend. Accordingly, the Court adopts the Report-Recommendation in its entirety.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 11, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 3, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge